Steve **RAMON**, Appellant,

v.

**STATE of Texas**, Appellee.

No. 13–81–409–CR.

Court of Appeals of Texas, Corpus Christi.

Jan. 20, 1983.

**438**

Gary Schroeder, Gonzales, for appellant.

Houston C. Munson, Jr., Dist. Atty., Gonzales, for appellee.

Before NYE, C.J., and UTTER and GONZALEZ, JJ.

## OPINION

UTTER, Justice.

This is an appeal from a conviction of burglary of a habitation with the intent to commit rape. The jury found appellant guilty and the court assessed punishment at 75 years in the Texas Department of Corrections.

The first ground of error asserts that there was no evidence to show *intent to commit rape* which, under the indictment, was necessary for a conviction of burglary. Sec. 30.02(a)(3) Tex.Penal Code Ann. (Vernon 1974). The State has not filed a brief in this case, and after careful review of the evidence, we agree with appellant that the evidence is insufficient to support the conviction.

To constitute burglary, the entry must be with the intent to commit a felony or theft. Sec. 30.02(a)(3) Tex.Penal Code Ann. (Vernon 1974). The intent is an essential element of the offense of burglary and must be proved in order to sustain a conviction of burglary. The intent alleged must be proved beyond a reasonable doubt by the facts and circumstances which lead with reasonable certainty to the conclusion sought and not left to speculation and surmise. *Greer v. State,* 437 S.W.2d 558 (Tex. Cr.App.1969).

The evidence shows that on April 24, 1981, Calvin Rice Salter was asleep in the living room of his mother-in-law's apartment in the Green Dewitt Village section of Gonzales, Texas. Shortly after midnight, Salter was awakened by the sound of someone cutting the screen on the back door. Salter hopped out of bed and observed the appellant through the screen door. According to Salter, appellant just froze. When Salter yelled for a pistol, appellant fled. Salter's wife telephoned police.

About fifteen minutes later, Officer George Kirchman of the Gonzales County Sheriff's Department saw a blue car run a stop sign in the vicinity of the burglary. After a short chase, the car stopped and appellant was ultimately arrested for driving while intoxicated. Later that morning, Calvin Salter identified appellant as the same man he had seen at the back door. The State's entire case to show intent to commit rape consisted of the testimony of a police officer that two rapes had occurred in

the Green DeWitt Village area within the past thirty-five to forty days. The State produced no evidence to show that appellant was involved in the rapes in any way. No description of the rapist was given and no evidence was produced to show that the appellant was suspected of the crimes or played any role in their commission. No evidence was presented that the rapes and the burglary had any common scheme or design.

Under the facts and circumstances of this case, we are unable to find that appellant intended to commit rape. The mere fact that two rapes had occurred in the Green De Witt Village area within the past forty days is not alone sufficient to support a finding that appellant intended to commit rape. There was no evidence that the appellant was involved in the other crimes, nor was there even an attempt by the State to link appellant to the previous rapes. We find that the State failed to introduce sufficient evidence to support a finding of intent to rape. Appellant's first ground of error is sustained.

In view of our holding the evidence insufficient to support the conviction, we do not deem it necessary to address the appellant's other six grounds of error.

■ The evidence being insufficient on the element of intent, the judgment of the trial court is reversed and reformed to show an acquittal. *Bryant v. State,* 574 S.W.2d 109 (Tex.Cr.App.1979); *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Green v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978).

We are aware of a line of Texas cases holding that even though an appellate court finds the evidence insufficient to support the conviction, a retrial on a lesser included offense is not prohibited when the evidence on the first trial is sufficient to support a conviction on the lesser offense. *Moss v. State,* 574 S.W.2d 542 (Tex.Cr.App.1978); *Rogers v. State,* 575 S.W.2d 555 (Tex.Cr. App.1979); *Ex Parte Harris,* 600 S.W.2d 791 (Tex.Cr.App.1980); *Granger v. State,* 605 S.W.2d 602 (Tex.Cr.App.1980); *Cruz v.*

*State,* 629 S.W.2d 852 (Tex.App.—Corpus Christi 1982, pet. ref'd).

In this case, however, we are unable to find that the evidence introduced in the trial of this cause is sufficient to support a conviction of the lesser included offense of criminal trespass because there is no evidence to show entry (intrusion of the entire body) under Sec. 30.05, Tex.Penal Code Ann. (Vernon Supp.1982), even though the evidence is sufficient to show entry (intrusion of any physical object connected with the body) under Sec. 30.02. Tex.Penal Code Ann. (Vernon 1974).

The judgment of the trial court is RE-VERSED and an acquittal entered.