No. 04-00-00243-CR


Eugene HOLMES,


Appellant



v.



The STATE of Texas,


Appellee





From the 226th District Court, Bexar County, Texas


Trial Court No. 2000-CR-1304


Honorable Sid L. Harle, Judge Presiding



Opinion by: Catherine Stone, Justice


Sitting: Tom Rickhoff, Justice

 Catherine Stone, Justice

 Sarah B. Duncan, Justice


Delivered and Filed: February 28, 2001


AFFIRMED


 Eugene Holmes appeals his conviction for burglary of a habitation with intent to commit
sexual assault. Holmes was found guilty by a jury and the judge assessed a fifteen year sentence.
In four points of error, Holmes claims the evidence was legally and factually insufficient to support
the guilty verdict, he received ineffective assistance of counsel, and the State engaged in prosecutorial
misconduct. We overrule Holmes' points of error and affirm the trial court's judgment.

Factual Background

 Gerri Friedland came home from work close to midnight. She entered her apartment, locked
the door behind her, put some groceries away, and got into the shower. Shortly after getting into the
shower she saw a shadow in the bathroom. A man she had never seen before pulled back the shower
curtain, looked her up and down, and leaned into the shower. Friedland screamed loudly and
continuously until the man left. She then went next door to a neighbor's apartment and called the
police. Friedland later identified Holmes in a photo lineup.

 On the night of the offense, Detective Corn observed Eugene Holmes' sports utility vehicle
entering Friedland's apartment complex parking lot shortly before midnight. Twenty minutes later
he observed this same vehicle leaving the parking lot at a high rate of speed with its lights off. Corn
followed the vehicle and radioed for help. Officer Sedillo responded and stopped Holmes. 

 Sufficiency of the Evidence


 In his first two issues Holmes claims there is no evidence or insufficient evidence to establish
that he intended to commit sexual assault when he entered Friedland's apartment. The question is
whether a rational juror could find beyond a reasonable doubt that Holmes entered the victim's
apartment with the intent to commit sexual assault. Holmes contends his conviction is impermissibly
based on speculation about his entry. He claims the most one can assume is that he was
serendipitously afforded an opportunity to view a naked woman in her shower when he entered her
apartment with the intent to commit theft. He maintains he had no intent or desire to sexually assault
her. 



Standard of Review


 In reviewing the legal sufficiency of the evidence, we examine the evidence in the light most
favorable to the judgment and determine whether any rational trier of fact could have found the
essential elements of the offense beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307,
318-19 (1979). In a factual sufficiency review, we must view all the evidence without the prism of
"in the light most favorable to the prosecution" and set aside the verdict only if it is so contrary to
the overwhelming weight of the evidence as to be clearly wrong and unjust. Clewis v. State, 922
S.W.2d 126, 129 (Tex. Crim. App. 1996). A factual sufficiency review must be appropriately
deferential. See Jones v. State, 944 S.W.2d 642, 648 (Tex. Crim. App. 1996). The appellate court's
evaluation cannot substantially intrude upon the role of the trier of fact as the sole judge of the weight
and credibility of witness testimony. See id. A determination that the evidence is factually
insufficient is proper only when the verdict is "manifestly unjust," "shocks the conscience," or "clearly
demonstrates bias." Id.

Intent Intent is an essential element of the offense of burglary, and must be proven beyond a
reasonable doubt. LaPoint v. State, 750 S.W.2d 180, 182 (Tex. Crim. App. 1986). The presence
or absence of a particular intent is a fact question, generally proven by circumstantial evidence.
Robles v. State, 664 S.W.2d 91, 94 (Tex. Crim. App. 1984). In the instant case, Holmes contends
that neither direct nor circumstantial evidence supports a finding that he intended to commit sexual
assault when he entered Friedland's apartment. 

 In support of his claim, Holmes relies on Ramon v. State, 657 S.W.2d 437 (Tex. App.-
Corpus Christi 1983, no pet.). In Ramon, the court reversed a conviction for burglary of a habitation
with the intent to commit rape because the State failed to introduce sufficient evidence that would
support a finding of intent. 657 S.W.2d at 439. The evidence presented in Ramon differs from the
instant case, however. In Ramon, the State based its case for intent to commit rape solely on the
testimony of a police officer that two rapes had occurred in the same area within the last thirty to
forty-five days. Id. at 438-39. There was no evidence linking Ramon with the earlier rapes and no
evidence of assaultive conduct. Indeed, Ramon's effort to burglarize the complainant's home was
thwarted before he ever stepped foot in the building. Id. at 438. 

 In the instant case, there was specific testimony regarding Holmes' conduct from which a jury
could find beyond a reasonable doubt that Holmes entered the apartment with intent to commit sexual
assault. The State relied on Friedland's testimony and that of police officers. From their testimony
the jury could determine that Holmes drove into the apartment complex shortly before Friedland
returned home from work. Soon after she returned home, Holmes broke into Friedland's apartment
and entered her bathroom. He pulled aside the shower curtain, and looked her up and down for
approximately fifteen to twenty seconds. He leaned in towards her. She screamed loudly until
Holmes abandoned his efforts. 

 Holmes claims that at best this evidence indicates he made a "poor and distasteful" decision
to "take a look" at Friedland when he was actually in the apartment for no more than theft. As
Holmes notes, he had all his clothes on and he issued no threats and made no sexual comments. The
jury, however, was free to determine that his actions alone spoke loudly enough of his true intent.
The jury could consider that there was no evidence of theft. There was no evidence, other than the
back door, that anything in the apartment had been disturbed in any way. The jury could consider
that had Holmes intended to merely commit theft, Friedland's shower would have provided him with
a few uninterrupted moments to commit the theft and then escape. Though the evidence is
circumstantial, it is sufficient for a rational jury to determine that sexual assault of Friedland was
Holmes' true intention. See Brimage v. State, 918 S.W.2d 466, 476 (Tex. Crim. App. 1994) (holding
that intent can be inferred from circumstantial evidence) . Issues one and two are overruled. 

Ineffective Assistance of Counsel


 In his third issue, Holmes claims he received ineffective assistance of counsel when his
attorney failed to properly object to testimony of a conversation between his counsel and Friedland.
The conversation occurred when Holmes' counsel and Friedland saw each other at a grocery store.
Friedland testified that defense counsel asked her how she was and she responded she was fine. Then
Holmes' counsel said, "Let me just ask you one thing: Are you really, really sure?" Friedland
responded that she had nothing to say to counsel; counsel asked her the question a second time and
received the same response. Counsel then gave Friedland a hug. Although his attorney did object
to this testimony, Holmes contends she lodged the wrong objections, thereby providing him with
ineffective assistance of counsel. 

Standard of Review


 We measure a claim of ineffective assistance of counsel against the two-prong test established
by the Supreme Court in Strickland v. Washington, 466 U.S. 686, 687 (1984). See Hernandez v.
State, 726 S.W.2d 53, 54-57 (Tex. Crim. App. 1986). To prevail on a claim of ineffective assistance,
a defendant must demonstrate that (1) his trial counsel's performance was deficient, and (2) the
deficient performance prejudiced the defense to such a degree that he was deprived of a fair trial.
Holland v. State, 761 S.W.2d 307, 314 (Tex. Crim. App. 1988). Prejudice, in this context, is
demonstrated when the defendant shows a reasonable probability that, but for counsel's
unprofessional errors, the result of the proceeding would have been different. Id. Whether a
defendant has received ineffective assistance of counsel is to be judged by the totality of the
representation, not by isolated acts or omissions of trial counsel. Wilkerson v. State, 726 S.W.2d
542, 548 (Tex. Crim. App. 1986). On review, great deference is given to defense counsel's
representation at trial. Tong v. State, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000). There is a strong
presumption that the actions of counsel were within the broad range of reasonable professional
assistance. Strickland, 466 U.S. at 689; Tong, 25 S.W.3d at 712. It is the burden of the appellant
to overcome the presumption that the action complained of might be sound trial strategy under the
circumstances. Id.

 Holmes has failed to meet the Strickland test. At most, this case presents an isolated omission
of trial counsel. Holmes' counsel did object to the testimony of this interchange on grounds of
relevancy, work product privilege, and bolstering. Holmes contends she should have objected on the
grounds of hearsay and Rule of Evidence 403. The record is silent as to why other objections were
not made. We cannot say this was not a trial strategy of counsel's. Holmes fails to overcome the
presumption that counsel's actions or omissions were part of a strategic plan. See Tong, 25 S.W.3d
at 714. Even if this presumption could be overcome, it cannot be said that but for the testimony
regarding this exchange, the result would have been different. 

 There was testimony concerning the events of the night in question by Friedland and police
officers. Friedland identified Holmes in a photo lineup. Holmes' vehicle was seen entering and
exiting the apartments without lights and at great speed, later being stopped by officers. In light of
the other evidence, we cannot say the result would have been different if the exchange between
defense counsel and Friedland had not been heard. Accordingly, we overrule Holmes' third point of
error.

Prosecutorial Misconduct


 Holmes complains that the prosecution violated the court's order on his motion in limine
wherein the judge instructed the State not to refer to any prior or continuing surveillance of Holmes.
The State was also asked to instruct the police officers not to do so. The State's questioning of the
first officer began with the officer stating he was assigned to the Repeat Offenders Project. The State
then asked him what the Project was. Defense counsel objected and asked for an instruction for the
jury to disregard, which the trial court granted. Counsel then asked for a mistrial and this was denied.
The State then questioned the second officer about his assignment. The officer responded that he was
also attached to the Repeat Offenders Project. Defense counsel objected, asked for an instruction
to disregard, and requested a mistrial. The trial court sustained the objection, gave the requested
instruction to the jury, but denied the mistrial. 

 The State argues the non-specific objection of defense counsel failed to preserve this issue for
review. However, when the trial judge is aware of what the counsel is objecting to because of a
granted motion in limine, it may be sufficient to preserve review. See Thomas v. State, 1 S.W.3d 138,
143 (Tex. App.-Texarkana 1999, pet. filed). In the instant case, the grounds objected to in the
motion for limine sufficiently apprised the trial court of the complaint in the non-specific objection
at trial. 

 A trial court's instruction to disregard is presumptively followed by the jury. Rose v. State,
752 S.W.2d 529, 554 (Tex. Crim. App. 1987); Bauder v. State, 936 S.W.2d 19, 22 (Tex. App.-San
Antonio 1996), rev'd on other grounds, 974 S.W.2d 729 (Tex. Crim. App. 1998); Lynn v. State, 860
S.W.2d 599, 604-05 (Tex. App.-Corpus Christi 1993, pet. ref'd). This applies to a violation of a
motion in limine followed by an instruction to disregard. Bauder, 936 S.W.2d at 22; Lynn, 860
S.W.2d at 604-05. Instructions to disregard have been held to cure references to evidence that are
more prejudicial in nature than the instant case, for example, where there were references to
extraneous offenses for which the defendant went to prison. Bauder, 936 S.W.2d at 22; see Kemp
v. State, 846 S.W.2d 289, 308 (Tex. Crim. App. 1992); Gardner v. State, 730 S.W.2d 675, 696-97
(Tex. Crim. App.1987). 

 The judge's ruling required that nothing be solicited from the officers in regard to the
surveillance of Holmes. Here, the prosecution asked the officers what unit they were assigned to and
the officers referred to the Repeat Offenders Project. There was no testimony about the surveillance.
The motion in limine was not directly violated. Nonetheless, the judge allowed for any possible
inference to the surveillance that could be gleaned from the officers' answers. The court sustained
Holmes' objection and gave the instruction to disregard. There was no harm. Further, the jury
presumptively followed the instruction to disregard. We overrule Holmes' fourth point of error. 

 The judgment of the trial court is affirmed.


 Catherine Stone, Justice

DO NOT PUBLISH