In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-07-00023-CR


______________________________





EX PARTE: DERRICK D. CARSON





 


On Appeal from the 102nd Judicial District Court


Bowie County, Texas


Trial Court No. 07MS0002-102




 




Before Morriss, C.J., Carter and Moseley, JJ.


Opinion by Justice Moseley



O P I N I O N



 On September 22, 2006, Derrick D. Carson was arrested and charged with possession of a
controlled substance in an amount greater than four grams but less than 200 grams. Depending on
the controlled substance alleged in the charging instrument, that offense is generally a first-degree
felony. See Tex. Health & Safety Code Ann. § 481.115 (Vernon 2003). (1) Carson's bond was set
at $50,000.00. Carson was unable to raise sufficient funds to either post the requisite surety or hire
a bonding agent for that purpose. 

 On October 20, 2006, the trial court found Carson to be indigent and appointed counsel to
represent him in connection with this charge. On January 3, 2007, Carson filed a pretrial application
for writ of habeas corpus alleging the State had failed to return an indictment within ninety days of
Carson's arrest and that, because of this failure, he was entitled to have his bond reduced to an
amount that he was capable of posting. 

 The trial court conducted a hearing on the application February 5, 2007. Carson testified he
had been arrested for this charge September 22, 2006, and he had remained in jail continuously since
that date. Carson further informed the trial court that he has lived in Texarkana his entire life, that
he is unemployed, and that he has no assets other than personal belongings. Carson testified that he
does not own an automobile, real estate, or have money in any bank accounts. He believed that the
most money his family could raise to help him make bail was about $100.00. At the conclusion of
the hearing, the trial court granted Carson's application; in so doing, the trial court noted the serious
nature of the charged crime and stated that the trial court believed a $10,000.00 bond would be
reasonable under the circumstances. 

 Carson now appeals the trial court's ruling, (2) arguing that, although the trial court properly
determined Carson was entitled to a bond reduction, the trial court nonetheless erred by failing to
reduce the bond to either a personal bond or to an amount that he was actually capable of posting.

I. Suspension of Tex. R. App. P. 39.9

 Given the abbreviated time frame envisioned by the Texas Legislature, as evidenced by its
ninety-day period for allowing the State to prepare its case for trial against a criminal defendant and
in light of the unnecessary delay that would be caused by enforcing Tex. R. App. P. 39.9 (requiring
us to wait twenty-one days after the filing of the State's brief before this case can be submitted for
consideration), we will suspend that rule in the interest of justice so that our decision on this issue
may be expedited. See Tex. R. App. P. 2.

II. Analysis of the Issue Presented

 "A defendant who is detained in jail pending trial of an accusation against him must be
released either on personal bond or by reducing the amount of bail required, if the state is not ready
for trial of the criminal action for which he is being detained within . . . 90 days from the
commencement of his detention if he is accused of a felony . . . ." Tex. Code Crim. Proc. Ann. art.
17.151 (Vernon Supp. 2006). This statute has been interpreted by the Texas Attorney General to
mean "the bail must be reduced to an amount defendant can pay and thereby secure his release. . . . 
A token reduction of one dollar will not comply with this section's requirement that defendant 'be
released . . . by reducing the amount of bail required.'" Op. Tex. Att'y Gen. No. H-1130 (1978). 

 The issue now before us is whether the trial court should have reduced Carson's bond to an
amount less than $10,000.00 or set a personal bond. 

 The parties stipulated in the trial court that Carson was arrested September 22, 2006, and then
presented evidence which showed he had remained in jail since that time awaiting trial. The
ninetieth day from the date of Carson's arrest was December 20, 2006. (3) The State presented no
contrary evidence at the February hearing, nor did it announce it was ready for trial. In fact, the State
admitted it had not yet secured an indictment against Carson. (4) 

 In Kernahan v. State, 643 S.W.2d 210, 210-11 (Tex. App.--El Paso 1982, pet. granted), the
Eighth Court of Appeals held the accused was entitled to relief on his application for writ of habeas
corpus, based on Article 17.151 of the Texas Code of Criminal Procedure, and was, therefore,
entitled to a bond reduction. On discretionary review, the Texas Court of Criminal Appeals affirmed
that decision. Kernahan v. State, 657 S.W.2d 433, 433-35 (Tex. Crim. App. 1983). Writing for the
majority in his days before later becoming presiding judge of that court, Judge McCormick noted
that "Kernahan had not one cent available to him in jail, no relatives from whom to seek assistance
in raising funds for a surety bond in any amount and did not know where to contact the party who
had possession of his lone asset -- a pickup truck." Id. at 434. Continuing, "[c]learly, he could no
more secure his own release with bail set at $2,500.00 than when originally set at $5,000.00, ninety-four days before." Id.

 The words of Judge McCormick still provide guidance nearly a quarter century later: Article
17.151's provisions mandate that, if the State is not ready for trial within ninety days of the accused's
arrest and if the accused has remained confined continuously since that date, then the accused is
entitled to have bond set at either a personal bond or at an amount he can make. Accord Op. Tex.
Att'y Gen. No. H-1130.

 In this case, the trial court had before it evidence that Carson was unemployed, that he had
no substantial assets (not even a house or vehicle) against which he could borrow money, and that
he had no savings from which he could draw funds. Similarly, Carson testified that his family could,
at best, raise "about a hundred dollars" to help him post bond. The State presented no contrary
evidence to demonstrate either that Carson had assets which could be collateralized for the making
of a bond or that he had family who could provide him with funds to employ a bonding agent. In
short, the record available to the trial court demonstrates that Carson would not be able to make even
a bond reduced to $10,000.00. Yet that is the amount to which the trial court reduced Carson's bond,
despite the mandatory nature of Article 17.151. 

 Based on the record before us, we conclude that, while the trial court correctly determined
that Carson's bond should be lowered, it erred in its ultimate calculation of an appropriate bond
setting. 

 We, therefore, vacate the trial court's bond setting, and order Carson's bond be set at
$1,000.00 cash or surety bond in this case. The mandate in this case shall issue immediately. See
Tex. R. App. 2 (authority of the court to suspend rules, including time frame for issuance of mandate,
to expedite decision); Perez v. State, 897 S.W.2d 893, 898 (Tex. App.--San Antonio 1995, no pet.).



 Bailey C. Moseley

 Justice


Date Submitted: February 26, 2007

Date Decided: February 28, 2007


Publish
1. Because the charge lists the weight range for the offense as "greater than four grams but less
than 200 grams," we will assume the alleged contraband is a penalty group 1 controlled substance
as defined by the Texas Health and Safety Code. Compare Tex. Health & Safety Code Ann.
§ 481.115 with Tex. Health & Safety Code Ann. § 481.1121 (Vernon 2003) (punishment ranges
are determined by quantity of "abuse units"), Tex. Health & Safety Code Ann. § 481.116(c)
(Vernon 2003) (range for second-degree felony goes from four to 400 grams for penalty group 2
drugs), and Tex. Health & Safety Code Ann. §§ 481.117(c) & 481.118(c) (Vernon 2003) (range
for third-degree felony goes from twenty-eight to 200 grams for drugs in groups 3 and 4).
2. Carson filed his notice of appeal February 7, 2007. This is timely. See Tex. R. App. P.
26.2(a)(1).
3. We take judicial notice of the calendar for 2006. See Tex. R. Evid. 201 (judicial notice of
adjudicative facts not subject to reasonable dispute may be taken at any stage of the proceeding,
whether requested or not).
4. We note that the State could have asked Carson to waive his right to an indictment, see Tex.
Code Crim. Proc. Ann. art. 1.05 (Vernon 2005), and filed a felony information in connection with
these charges. See Tex. Code Crim. Proc. Ann. art. 21.20 (Vernon 1989).