In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

## NO. 09-18-00396-CR
_____

## EX PARTE NICHOLAS BALDWIN

**On Appeal from the 253rd District Court**
**Liberty County, Texas**
**Trial Cause No. WR01369**

## MEMORANDUM OPINION

Appellant Nicholas Baldwin challenges the trial court's order granting, in part, his application for writ of habeas corpus seeking bail reduction. In a single appellate issue, Baldwin contends that the trial court abused its discretion by failing to sufficiently reduce the amount of his bonds in accordance with article 17.151 of the Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. Ann. art. 17.151, § 1(1) (West 2015). We reverse the trial court's order.

Background

On June 13, 2018, Baldwin was arrested and charged with two counts of possession of a controlled substance. Baldwin's bonds had been set at $16,000 each,

1

and the trial court had found that Baldwin was indigent and appointed counsel for him. On September 11, 2018, Baldwin filed an application for writ of habeas corpus, alleging that his confinement violated article 17.151 because ninety days had elapsed since his arrest without indictment and his two bonds were excessive and beyond his and his family's financial means. *See id.* According to Baldwin, under article 17.151, he was entitled to either be released on a personal recognizance bond or to a reduction of his bonds to a reasonable amount he could make to obtain his release.

On October 2, 2018, the trial court conducted a hearing on Baldwin's application for writ of habeas corpus, during which the State confirmed that Baldwin had been in jail on the current charges for more than ninety days. The State never claimed that Baldwin had been indicted or that it had been ready for trial within ninety days of Baldwin's arrest. Rather, the State informed the trial court that the issue was whether to release Baldwin on a personal recognizance bond or set a reasonable surety bond. Baldwin's counsel maintained that because Baldwin had no finances, a personal recognizance bond was all that Baldwin could make. The record shows that a representative from the personal recognizance bond department advised the trial court that under standard procedures Baldwin would not qualify for a personal recognizance bond because of his criminal history.

2

The record further shows that Baldwin presented testimony concerning the amount of bail that he could make. Baldwin testified that he has not earned any money since being arrested on June 13. Baldwin testified that his affidavit of indigency, dated June 19, 2018, indicated that he was last employed in 2014. However, Baldwin explained that prior to his arrest, he had worked one day at the auction barn and earned less than one hundred dollars. Baldwin further explained that he earns income performing tattoo work. Baldwin testified that he stays with his grandfather rent free and that his mother provides him with some support.

Baldwin testified that he did not have a bank account or any investment accounts, and he did not own a car or any property that could be used to cover a bond. Baldwin explained that he could not afford his two $16,000 bonds, and he asked the trial court to either issue him a personal recognizance bond or reduce his bail to an amount that he could afford. According to Baldwin, his friend was willing to cover his bail.

Jordan Roberts testified that she has been friends with Baldwin for two years, they have a child together, and she is willing to help Baldwin with his bond. Roberts testified that she works as a custodian for a school district, earns $1500 per month, and has eight hundred dollars in the bank. Roberts explained that she does not own any property or a car, and that she has one dependent. Roberts also explained that

3

she has eight hundred dollars left after paying her monthly expenses, and that she has previously tried to post bail for Baldwin, but she could not afford the $3500 that was required. According to Roberts, she can afford to pay $1750.

After presenting Roberts' testimony, Baldwin's counsel requested that the trial court reduce the amount of the bonds to eight hundred dollars each. The State asked the trial court to consider the fact that Baldwin's affidavit of indigency was based on erroneous information. The trial court granted partial relief by reducing Baldwin's bonds to $15,000 each.

Standard of Review and Applicable Law

We review a trial court's decision made during a habeas proceeding regarding the reduction of bail for an abuse of discretion. *See Ex parte Gill*, 413 S.W.3d 425, 428 (Tex. Crim. App. 2013); *Ex parte Smith*, 486 S.W.3d 62, 64 (Tex. App.—Texarkana 2016, no pet.). "A trial court abuses its discretion when it applies 'an erroneous legal standard, or when no reasonable view of the record could support the trial court's conclusion under the correct law and facts viewed in the light most favorable to its legal conclusion.'" *Ex parte Smith*, 486 S.W.3d at 64 (quoting *DuBose v. State*, 915 S.W.2d 493, 497-98 (Tex. Crim. App. 1996), *overruled on other grounds by* G*uzman v. State*, 955 S.W.2d 85, 90 (Tex. Crim. App. 1997)).

Article 17.151, section 1(1) of the Texas Code of Criminal Procedure provides as follows:

> A defendant who is detained in jail pending trial of an accusation against him *must be released* either on personal bond or by reducing the amount of bail required, if the state is not ready for trial of the criminal action for which he is being detained within: (1) 90 days from the commencement of his detention if he is accused of a felony[.] (emphasis added).

Tex. Code Crim. Proc. Ann. art. 17.151, § 1(1). Article 17.151 preserves the presumption of innocence by ensuring that an accused, who is untried and unreleased on bond, will not suffer the incidental punitive effect of incarceration during any further delay attendant to prosecutorial exigency. *Ex parte Smith*, 486 S.W.3d at 65 (citing *Ex parte Jones*, 803 S.W.2d 712, 716 (Tex. Crim. App. 1991)). The State bears the burden of making a *prima facie* showing that it was ready for trial within the ninety-day time period. *Ex parte Smith*, 486 S.W.3d at 65 (quoting *Ex parte Ragston*, 422 S.W.2d. 904, 906-07 (Tex. App.—Houston [14th Dist.] 2014, no pet.)). The State cannot announce that it is ready for trial when there is no indictment. *Ex parte Castellano*, 321 S.W.3d 760, 763 (Tex. App.—Fort Worth 2010, no pet.). When the State is not ready for trial ninety days after the accused has been arrested and the accused has remained incarcerated throughout that period, article 17.151 requires that the trial court either release the accused on a personal bond or reduce

5

bail to an amount the accused can make. *Ex parte Carson*, 215 S.W.3d 921, 924 (Tex. App.—Texarkana 2007, no pet.).

The evidence shows that although Baldwin could not post the bond originally set by the trial court, Roberts could afford to pay $1750 on Baldwin's behalf. The State presented no contrary evidence showing that Baldwin could make two bonds set at $15,000 each. *See id.* Based on this record, we conclude that Baldwin met his burden of showing that he was unable to post the two $15,000 bonds that the trial court set. *See Ex parte McNeil*, 772 S.W.2d 488, 490 (Tex. App.—Houston [1st Dist.] 1989, no pet.). Viewing the entire record in favor of the trial court's ruling, we conclude that the trial court abused its discretion by failing to reduce the bonds to an amount that Baldwin could make to secure his release. *See* Tex. Code Crim. Proc. Ann. art. 17.151, § 1(1); *Ex parte Smith*, 486 S.W.3d at 70; *Ex parte Carson*, 215 S.W.3d at 924.

We sustain Baldwin's sole issue. We reverse the trial court's order setting Baldwin's bonds at $15,000 each and remand the case to the trial court for further proceedings consistent with this opinion. Mandate in this case shall issue immediately. *See Ex parte Smith*, 486 S.W.3d at 70 (citing Tex. R. App. P. 2).

REVERSED AND REMANDED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on December 5, 2018
Opinion Delivered December 21, 2108

Before McKeithen, C.J., Kreger and Johnson, JJ.
Do Not Publish