

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-19-00228-CR

_____

DEZNIK QUINSEAN PORTIS, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from Criminal District Court No. 2
Tarrant County, Texas
Trial Court No. 1522473D

---

Before Sudderth, C.J.; Bassel and Wallach, JJ.
Memorandum Opinion by Justice Bassel

## MEMORANDUM OPINION

### I. Introduction

Appellant Deznik Quinsean Portis appeals from the revocation of his community supervision and resulting three-year sentence for solicitation of sexual assault of a child under seventeen years of age. *See* Tex. Penal Code Ann. § 22.011(a)(2). In a single issue, Appellant challenges the sufficiency of the evidence to show that he violated at least one of his community-supervision conditions. Because the judgment adjudicating Appellant's guilt contains a $400 fine that was not orally pronounced, we modify the judgment to delete the fine. As modified, we affirm the trial court's judgment adjudicating Appellant's guilt.

### II. Background

In April 2019, Appellant pleaded guilty to solicitation of sexual assault of a child under seventeen years of age pursuant to a plea-bargain agreement. The trial court placed Appellant on deferred-adjudication community supervision for four years and ordered him to pay a $400 fine. Appellant's community-supervision conditions required him to remain within Tarrant County unless the court or the supervision officer authorized him to leave; to permit the supervision officer to visit him at his home or elsewhere at any time; and to notify the supervision officer of Tarrant County, Texas, within five days of any change in his address or employment.

In May 2019, the State filed a petition to proceed to adjudication, alleging that Appellant had committed three violations of his community-supervision conditions

by leaving Tarrant County without authorization from the trial court or his supervision officer on or about April 30, 2019, and May 1, 2019; by not permitting a home visit by the supervision officer on or about April 17, 2019; and by changing his address on or about April 25, 2019, and failing to notify the supervision officer within five days from the date of that change. At the hearing on the State's petition, Appellant appeared to plead "true" to the first violation. After hearing testimony, which is summarized below, the trial court found that all three violations were true, revoked Appellant's community supervision, adjudicated Appellant guilty, and sentenced him to three years' confinement. The judgment adjudicating Appellant's guilt includes an unpronounced fine. Appellant then perfected this appeal.

### III. Sufficient Evidence Supports the Alleged Violations

In a single issue, Appellant challenges the sufficiency of the evidence to show that he violated at least one of his community-supervision conditions.

### A. Standard of Review

In a revocation proceeding, the State must prove by a preponderance of the evidence that the defendant violated at least one of the terms and conditions of community supervision. *Bryant v. State*, 391 S.W.3d 86, 93 (Tex. Crim. App. 2012); *Rickels v. State*, 202 S.W.3d 759, 763–64 (Tex. Crim. App. 2006). A preponderance is "that greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of his [community supervision]." *Davis v. State*, No. 02-16-00335-CR, 2017 WL 3298394, at *2 (Tex. App.—Fort Worth Aug. 3,

2017, no pet.) (mem. op., not designated for publication) (quoting *Scamardo v. State*, 517 S.W.2d 293, 298 (Tex. Crim. App. 1974)). The trial court is the sole judge of the witnesses' credibility and the weight to be given their testimony, and we review the evidence in the light most favorable to the trial court's ruling. *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). If the State fails to meet its burden of proof, the trial court abuses its discretion by revoking the community supervision. *Cardona*, 665 S.W.2d at 493–94. A finding of a single violation of community-supervision conditions is sufficient to support a revocation. *See Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009).

### B. What the Record Shows

The record includes the community-supervision conditions and the supplement/amendment to the conditions, and Appellant's signature appears on both documents under the statement "I have received my conditions of community supervision." At the outset of the hearing on the State's petition to proceed to adjudication, the trial court confirmed that Appellant could read and write. The trial court also asked Appellant whether it was "true or not true" that he had left Tarrant County on or about April 30, 2019, and May 1, 2019, without authorization from the trial court or his supervision officer. The following dialogue then took place:

> THE DEFENDANT: I was at work the whole time. My old lawyer, Steve Gebhardt, he was -- I even asked him. I said, there's no problem -- because he asked me -- he came and asked me, said -- I guess you told him to ask me where do I work and everything. I told him --

4

THE COURT:  All right.  Let me ask you this though.  Where was this job?

THE DEFENDANT:  Dallas.

THE COURT:  Dallas.

THE DEFENDANT:  -- Performance.

THE COURT:  So did you leave Tarrant County without authorization of the supervision officer or the Court to go to Dallas?

THE DEFENDANT:  Yes.  I was at work.  I didn't know that I couldn't go to work.  I didn't know that was --

THE COURT:  Is that yes then?

THE DEFENDANT:  Yes, sir.  I was at work the whole time.

THE COURT:  All right.  So that's true.

Appellant pleaded "not true" to the remaining two violations.  The trial court then heard testimony from three individuals, including Appellant.

Mary Jo Gutierrez with the Tarrant County Community Supervisions and Corrections Department testified that she had admonished Appellant regarding the conditions of his deferred-adjudication community supervision and that he had indicated that he understood the conditions.  Justin Simms, a community-supervision officer who supervised Appellant, informed Gutierrez that Appellant had left Tarrant County on April 30, 2019.  Gutierrez stated that she had never given Appellant permission to leave Tarrant County.

5

Simms testified that he had met with Appellant on April 15 and had gone over his community-supervision conditions with him. Simms informed Appellant that he was required to remain within Tarrant County unless he received permission to leave. Simms also explained to Appellant that he needed to report to the Presbyterian Night Shelter unless he provided an approved alternative address that was within his community-supervision conditions. Appellant never gave Simms an alternate address.

At 6:00 a.m. on April 17, Simms attempted a planned home visit at the Presbyterian Night Shelter. The staff called Appellant's name over the loud speaker and instructed him to go to the rear desk. Simms waited fifteen minutes, but Appellant did not report to the rear desk.

On April 23, Appellant told Simms that he had stayed three nights per week at the Presbyterian Night Shelter and that he had spent the remaining nights at his desk at his job in Dallas County. Simms testified that he never gave Appellant permission to leave Tarrant County and that he was not aware of anyone else who had given Appellant permission to leave the county.

On April 24 and 25, Simms returned to the Presbyterian Night Shelter for follow-up home visits, but Appellant was not there. On April 25, Simms corresponded with the coordinator at the Presbyterian Night Shelter regarding whether Appellant was staying there, and she responded that she had no record of him. Simms concluded that Appellant was not staying there.

Appellant also testified at the hearing. He said that he was "[p]retty much at work the whole time" because he worked 2:30 to 11:00 p.m. and that by the time he got off work, "they're [presumably the shelter] already closed." Appellant testified that he went to Dallas often during April and May 2019 because he worked there Monday through Friday.

Appellant testified that he knew there was a home visit scheduled for April 17, that he was at the front of the shelter on that date, and that he never saw Simms. Appellant admitted that he did not meet with Simms on April 17. Appellant testified that he had stayed at the Presbyterian Night Shelter only four nights total and that he had spent the rest of the nights at work in Dallas. Appellant explained that he did not change his address with Simms because he had no place to go other than to work. The State questioned Appellant about leaving Tarrant County as follows:

Q. But you do admit that you did leave Tarrant County to go work in Dallas?

A. Yes, sir.

. . . .

Q. Okay. You realize that Dallas is not part of Tarrant County?

A. Yes, sir. Yes.

. . . .

Q. . . . [D]id anyone ever tell you that you could leave Tarrant County?

A. No one ever brought it to my attention.

7

Q. So no one ever gave you permission?

A. No.

### C. Analysis

We focus our analysis on the first violation alleged by the State—that Appellant left Tarrant County without authorization from the trial court or his supervision officer on or about April 30, 2019. Gutierrez testified that Appellant had left Tarrant County on April 30. Moreover, Appellant admitted that he had worked in Dallas Monday through Friday during April and May 2019 and that he had spent the night at work most nights. The trial court could take judicial notice on its own that April 30, 2019, was a Tuesday and that May 1, 2019, was a Wednesday. *See* Tex. R. Evid. 201 (permitting judicial notice of a fact that is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned), 204(b)(1) (permitting court to take judicial notice on its own); *Ex parte Carson*, 215 S.W.3d 921, 923 n.3 (Tex. App.—Texarkana 2007, no pet.) (taking judicial notice of calendar for 2006). Gutierrez and Simms both testified that they had not given Appellant permission to leave Tarrant County, and Appellant admitted that no one had given him permission to leave Tarrant County. Based on the evidence presented, the trial court could have reasonably inferred that Appellant had left Tarrant County without permission on or about April 30, 2019, to go to work in Dallas.

8

Appellant asks us "to read between the lines because of [his] poor communication skills" and to reinterpret his testimony and Simms's testimony. But the trial court was in the best position to determine the credibility of the witnesses, and we cannot second-guess these determinations based on the cold record. *See Davis*, 2017 WL 3298394, at \*3; *see also Hacker*, 389 S.W.3d at 865.

We conclude that the greater weight of the credible evidence before the trial court supported a reasonable belief that Appellant had violated a condition of his community supervision. *See Davis*, 2017 WL 3298394, at \*3. Viewing the evidence in the light most favorable to the trial court's ruling, we conclude that the trial court did not abuse its discretion by finding the State's first violation allegation true. Because a finding of a single violation of a community-supervision condition is sufficient to support a revocation, we need not address the remaining violations. *See* Tex. R. App. P. 47.1; *Smith*, 286 S.W.3d at 342. Accordingly, we overrule Appellant's sole issue.[1]

---

[1]Appellant does not raise an argument directed to the inclusion of the $400 fine in the judgment adjudicating his guilt. We have previously held that we have the authority to reform a judgment to reflect the truth when we have the necessary information to do so, and we have thus reformed a judgment to delete an unpronounced fine. *See* Tex. R. App. P. 43.2(b); *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); *Banks v. State*, 708 S.W.2d 460, 461–62 (Tex. Crim. App. 1986); *Cummings v. State*, No. 02-18-00042-CR, 2018 WL 4020013, at \*2 n.4 (Tex. App.—Fort Worth Aug. 23, 2018, no pet.) (mem. op., not designated for publication); *Demerson v. State*, No. 02-18-00003-CR, 2018 WL 3580893, at \*2 (Tex. App.—Fort Worth July 26, 2018, no pet.) (mem. op., not designated for publication). At the revocation hearing, the trial court did not orally pronounce a fine but assessed a fine in the judgment adjudicating guilt. When guilt is adjudicated upon a violation of a condition of community supervision, the order adjudicating guilt sets aside the order deferring adjudication, including any previously imposed fines. *See Taylor v. State*, 131

## IV. Conclusion

Having determined that the judgment contains error, we modify the trial court's judgment to delete the $400 fine, and we similarly modify the incorporated order to withdraw funds to reduce the authorized withdrawal amount by $400. As modified, we affirm the trial court's judgment adjudicating Appellant's guilt. *See* Tex. R. App. P. 43.2(b).

/s/ Dabney Bassel

Dabney Bassel
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  December 19, 2019

---

S.W.3d 497, 502 (Tex. Crim. App. 2004). The trial court's oral pronouncement of sentence controls over its written judgment to the extent they conflict; therefore, the judgment must be modified to delete the $400 fine amount, and that amount must also be removed from the incorporated order to withdraw funds from Appellant's inmate trust account. *See id.*; *Cummings*, 2018 WL 4020013, at *2 n.4; *Demerson*, 2018 WL 3580893, at *2.