In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
NO. 09-21-00205-CR

EX PARTE ALLEN CHRISTOPHER LANCLOS

On Appeal from the 356th District Court
Hardin County, Texas
Trial Cause No. 61738

## MEMORANDUM OPINION

Appellant Allen Christopher Lanclos challenges the trial court's order granting, in part, his application for writ of habeas corpus seeking bail reduction. In a single appellate issue, Lanclos contends that the trial court abused its discretion by failing to release him on a personal recognizance bond or sufficiently reduce the amount of his bonds in accordance with article 17.151 of the Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. Ann. art. 17.151, § 1(1). We reverse the trial court's order and remand the case for immediate further proceedings consistent with this opinion.

## Background

In August 2020, Lanclos was arrested and charged with three felony counts of assault on a public servant. On September 1, 2020, the trial court set Lanclos's bonds at $750,000 each. On September 11, 2020, Lanclos filed an Application For Writ of Habeas Corpus under article 17.151 of the Texas Code of Criminal Procedure, in which Lanclos argued that the trial court should set an appropriate bond, because he could not afford his bonds totaling $2,250,000. *See id.* art. 17.151. Lanclos's application indicates that he could afford bonds totaling $150,000 or less. Lanclos attached the affidavit of his wife, Kristy, who averred that she had spoken with two bonding companies, and both companies refused to post bond for $2,250,000. Kristy stated that she had to sell property to pay for Lanclos's attorney, and she and Lanclos could not afford to post bonds in the amount of $2,250,000.

On October 9, 2020, the trial court conducted a hearing on Lanclos's application for writ of habeas corpus requesting a reasonable bond, and Kristy's affidavit was the only evidence introduced regarding the amount of bonds that Lanclos could afford. During the hearing, defense counsel indicated that Lanclos could afford bonds totaling $150,000 and asked the trial court to reduce Lanclos's bonds to that amount. After hearing the arguments of counsel, the trial court took the matter under advisement, but the trial court never ruled on the application.

On November 24, 2020, Lanclos filed a second Application For Writ Of Habeas Corpus, alleging that his confinement violated article 17.151 because ninety days had elapsed since his arrest without indictment and his three bonds totaling $2,250,000 were beyond his financial means. *See id.* According to Lanclos, he was entitled to either be released on a personal recognizance bond or to a reduction of his bonds to an affordable amount that he could make to obtain to his release.

On December 18, 2020, the trial court conducted a hearing on Lanclos's application for writ of habeas corpus, during which the State failed to appear. Defense counsel advised the trial court that Lanclos had been in jail for more than one hundred days and had not been indicted. Defense counsel did not present any evidence regarding the amount of bond that Lanclos could afford. The trial court granted partial relief by reducing Lanclos's bonds from $750,000 to $500,000 each, totaling $1,500,000. This court affirmed the trial court's order reducing Lanclos's total bonds to $1,500,000. *Ex parte Lanclos*, No. 09-20-00296-CR, 2021 WL 895837, at *1-2 (Tex. App.—Beaumont Mar. 10, 2021) (mem. op., not designated for publication), *rev'd*, 624 S.W.3d 923 (Tex. Crim. App. 2021). The Court of Criminal Appeals reversed our decision affirming the trial court's habeas order reducing Lanclos's bonds on the grounds that this Court failed to require Lanclos's release on bonds that he could afford. *Ex parte Lanclos*, 624 S.W.3d at 926-27.

3

While his case was on appeal, Lanclos filed another Application for Writ of Habeas Corpus under article 17.151, in which he requested release on a personal recognizance bond. Lanclos attached an additional affidavit executed by Kristy, in which she averred that they were unable to afford a bond in the amount of $1,500,000 and that she was personally unable to afford a bond in excess of $30,000. On remand, the trial court conducted a bond hearing, during which defense counsel requested the court to either set a personal recognizance bond or to reduce Lanclos's bonds to $30,000 "in accordance with the affidavit[.]" The trial court entered an order setting Lanclos's bonds totaling $150,000. Lanclos appealed and remains in custody.

Standard of Review and Applicable Law

We review a trial court's decision made during a habeas proceeding regarding the reduction of bail for an abuse of discretion. *See Ex parte Gill*, 413 S.W.3d 425, 428 (Tex. Crim. App. 2013); *Ex parte Smith*, 486 S.W.3d 62, 64 (Tex. App.—Texarkana 2016, no pet.). "A trial court abuses its discretion when it applies 'an erroneous legal standard, or when no reasonable view of the record could support the trial court's conclusion under the correct law and facts viewed in the light most favorable to its legal conclusion.'" *Ex parte Smith*, 486 S.W.3d at 64-65 (quoting *DuBose v. State*, 915 S.W.2d 493, 497-98 (Tex. Crim. App. 1996), *overruled on other grounds by Guzman v. State*, 955 S.W.2d at 85, 90 (Tex. Crim. App. 1997)).

4

Article 17.151, section 1(1) provides as follows:

> A defendant who is detained in jail pending trial of an accusation against him *must be released* either on personal bond or by reducing the amount of bail required, if the state is not ready for trial of the criminal action for which he is being detained within: (1) 90 days from the commencement of his detention if he is accused of a felony[.]

Tex. Code Crim. Proc. Ann. art. 17.151, § 1(1) (emphasis added). Article 17.151 preserves the presumption of innocence by ensuring that an accused, who is untried and unreleased on bond, will not suffer the incidental punitive effect of incarceration during any further delay attendant to prosecutorial exigency. *Ex parte Smith*, 486 S.W.3d at 65 (quoting *Ex parte Jones*, 803 S.W.2d 712, 716 (Tex. Crim. App. 1991)). The State bears the burden of making a *prima facie* showing that it was ready for trial within the ninety-day time period. *Id.* (quoting *Ex parte Ragston*, 422 S.W.2d 904, 906-07 (Tex. App.—Houston [14th Dist.] 2014, no pet.)). The State cannot announce that it is ready for trial when there is no indictment. *Ex parte Castellano*, 321 S.W.3d 760, 763 (Tex. App.—Fort Worth 2010, no pet.). When the State is not ready for trial within ninety days after the accused has been arrested and the accused has remained incarcerated throughout the period, article 17.151 requires that the trial court either release the accused on a personal bond or reduce bail to an amount the accused can make. *Ex parte Carson*, 215 S.W.3d 921, 924 (Tex. App.—Texarkana 2007, no pet.); *see also Ex parte Lanclos*, 624 S.W.3d at 927.

If the trial court chooses to reduce the amount of bail required, it must reduce it to an amount the record reflects the accused can afford. *Ex parte Lanclos*, 624 S.W.3d at 927. Article 17.151 does not condition an accused's release on his proving how much bond he can afford, and it requires more than "coming up with a lower number." *Id.* at 928-29. "[I]t mandates his release–either on personal bond or by reducing the required bail amount–period." *Id.* at 928. The record shows that Lanclos cannot afford bonds totaling $150,000 because he never posted it. *See id.*

Viewing the entire record in favor of the trial court's ruling, we hold that the trial court abused its discretion by not reducing the amount of Lanclos's bonds to an amount he could afford. *See id.*; *Ex parte Gill*, 413 S.W.3d at 428; Tex. Code Crim. Proc. Ann. art. 17.151, § 1(1). Accordingly, we sustain Lanclos's sole issue, reverse the trial court's order, and remand the case for immediate further proceedings consistent with this opinion.

REVERSED AND REMANDED.

_____
W. SCOTT GOLEMON
Chief Justice

Submitted on October 11, 2021
Opinion Delivered November 3, 2021
Do Not Publish

Before Golemon, C.J., Kreger and Johnson, JJ.